STEINHAUSER, ADMX., APPELLANT, *v.* REPKO, APPELLEE, ET AL.

(No. 4948—Decided July 13, 1971.)

*Mr. Lawrence J. Damore,* for appellant.
*Mr. Theodore R. Cubbison,* for appellee.

LYNCH, J. The opinion of the trial court is reported in 19 Ohio Misc. 43. We agree with the statement of facts in the trial court's opinion, except that Helen Repko was the sister-in-law of John Repko, the decedent. John Repko was unmarried. We also agree with the trial court's opinion on his discussion of the legal authorities and his decision in this case.

We hold that where the decedent placed currency in a safe deposit box which was rented from the bank pursuant to a lease agreement signed by the decedent and his sister-in-law as "joint tenants with right of survivorship," which agreement also recited that all property placed in such box was declared to be the joint property of both lessees and upon the death of either passes to the survivor, and the only testimony concerning the statements of the decedent made at the time such arrangement was made confirmed his intention to establish a right of survivorship, it is effective to vest title in such survivor upon his death. See R. C. 2131.10 and 2131.11.

*Judgment affirmed.*

O'NEILL, P. J., and JOHNSON, J., concur.

O'NEILL, P. J., concurring. I concur and agree that the judgment should be affirmed.

The printed lease form furnished by the bank, upon initial rental of the safe deposit box, was only, as the lower court stated, for the bank's own protection. Certainly, it should not be given the power of establishing ownership of any properties in the box other than those identified as properties of one of the signators thereto. Such a contract should be defeasible and open to attack by parole. However, the appellant presented no viable evidence to establish ownership nor right of ownership on the part of anyone other than the lessees of the box.